UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEM,<br>           Petitioner,<br>   v.<br>LANDON BIRD,<br>           Respondent. | Case No. 21-cv-00831-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 2 and 5 |

### INTRODUCTION

Petitioner Daniel Alem seeks federal habeas relief from a restitution fine imposed by the state court pursuant to his convictions. The petition is DISMISSED because a restitution claim is not a cognizable federal habeas claim, and even if it were, the petition would be barred by the rule against second or successive petitions.

### BACKGROUND

According to the petition, in 2012 Alem was convicted by an Alameda County Superior Court jury of attempted murder, attempted robbery, and assault with a firearm. (Pet., Dkt. No. 1 at 2.) A sentence of 32 years to life was imposed. (*Id.* at 1.) In 2015, Alem filed an unsuccessful federal habeas petition in this Court in which he challenged those convictions. *See Alem v. Arnold*, No. 15-cv-03649-WHO (PR) (N.D. Cal. Dec. 6, 2016)

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Habeas corpus is the appropriate remedy for a state prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In general, custody is satisfied where the sentence imposed "significantly restrain[s] [a] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

Alem's sole habeas claim is that the state court imposed a restitution fine in violation of state and federal law. (Pet., Dkt. No. 1 at 10.) This does not state a cognizable federal habeas claim because success on this claim would not result in a voiding of the verdict or a reduced sentence. A monetary fine is not a sufficiently significant restraint on liberty to satisfy the custody requirement. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). Even if petitioner also had challenged his custody, that would not suffice to confer jurisdiction on this Court to review his restitution claim by way of a federal habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401-02 (9th Cir. 2002) (holding petitioner could not collaterally attack restitution order under § 2255, even where joined

with cognizable claims for release from custody).

Even if Alem's claims were properly the subject of federal habeas review, the petition would be barred by the rule against filing a second or successive petition. Alem has filed at least one previous petition challenging the conviction and sentence to which the fine was attached--*Alem v. Arnold*, No. 15-cv-03649-WHO (PR) (N.D. Cal. Dec. 6, 2016). That petition was denied on the merits and judgment entered in favor of respondent. (*Id.*, Dkt. Nos. 20 and 21.) Alem's appeal of that denial was terminated when the Ninth Circuit declined to issue a Certificate of Appealability. (Dkt. Nos. 22, 25, and 26.) Alem's petition for writ of certiorari to the United States Supreme Court was denied. (Dkt. Nos. 28 and 29.)

In order to file a second or successive petition, Alem must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that a dismissal of a § 2254 habeas petition on grounds of untimeliness "renders subsequent petitions second or successive for purposes of AEDPA, 28 U.S.C. § 2244(b).") Because Alem has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

Finally, even if the claims were cognizable and if Alem did not require authorization from the appellate court, the petition would likely be challenged by respondent as untimely. Alem was convicted in 2012, but the instant petition was not filed until 2021, which is outside the 1-year filing deadline under AEDPA. 28 U.S.C. § 2244(d).

## CONCLUSION

The petition is DISMISSED. The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

Alem's motion to proceed *in forma pauperis* is GRANTED. (Dkt. Nos. 2 and 5.)

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**Dated:** June 9, 2021



WILLIAM H. ORRICK
United States District Judge

4